UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACLYN ADRIANNE WARREN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNKNOWN,<br><br>　　　　　Defendant. | No. 2:17-cv-02188 TLN AC PS<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned in by E.D. Cal. R. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I. SCREENING

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint

1

must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See

Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II. THE COMPLAINT

The putative complaint, which is styled as a "Petition for Writ of Mandate," contains 163 pages of assertions, requests, and exhibits. See ECF No. 1. Plaintiff has also filed various documents alleging additional facts, and emergency requests related to her complaint. See ECF Nos. 3 ("Case Management Statement"), 4 ("Notice re Civil Cover Sheet"), 6 ("Emergency Request for Order re Child Endangerment Prevention"). Although the complaint is filed against unnamed defendants, its text identifies "+130 responding defendants." ECF No. 1 at 2, 19-159. Among the defendants identified are the "Owners of the Hamburger Stand," the U.S. Army, Porterville Police Department, Tulare County Sheriff's Department, President Donald Trump, Homeland Security, "few unknown agents in the FBI," "Justin Bieber," "Ariana Grande," Michael Cera," and "several more" "famous celebrities." Id. at 15-16.

According to the complaint, plaintiff is seeking protection for her minor sister against all of the defendants due to the "imminent danger" facing the minor. More specifically, plaintiff alleges there have been "several reports of occult ritual activity" by the defendants.[1] Plaintiff cites to statutes including the Child Abuse Prevention Treatment Act for the proposition that this court is mandated to provide all relief requested in the interest of the safety and protection of the minor. ECF No. 1 at 1. As relief, plaintiff seeks restraining orders against all defendants and orders for "emergency pick up," "protective custody," "emergency transportation and hotel fee waiver vouchers," and for oral argument in order to "justify" her "request for adoption" of her minor sister. Id. at 2-3, 4.

## III. ANALYSIS

The complaint does not contain facts supporting any cognizable legal claim against any defendant. The court finds that the complaint consists entirely of fanciful and delusional

---

[1] Plaintiff contends in her request for an emergency order that this relief is necessary because the "responding defendants have affiliation with the occult rituals as listed on the Satanic Calendar, and have been in unlawful communication with the mother of Victoria Martens." Plaintiff states that the need to protect herself and the minor is therefore especially urgent "since it is the month of October." ECF No. 6 at 3.

allegations.  Moreover, the putative complaint states no basis for federal court jurisdiction, and none is apparent.  No federal cause of action is asserted and none is suggested by the facts, to the extent the facts are discernible.  Several identified defendants (including various Porterville and Tulare County officials) are, like plaintiff, presumably citizens of California.  Even if diversity jurisdiction might otherwise apply, the "domestic relations exception" would preclude this court from exercising jurisdiction over the child welfare and custody issues which lie at the heart of the complaint.  See Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992).  For all these reasons, it is apparent that amendment would be futile.  The undersigned will therefore recommend that the complaint be dismissed with prejudice.

## IV.  MOTION TO SEAL

The plaintiff has also filed a motion to seal the entire record.  ECF No. 5.  The Clerk of the Court has temporarily sealed the record, pending judicial review.

Requests to seal documents in this district are governed by E.D. Cal. R. ("Local Rule") 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.  Local Rule 141(a).  However, a mere request to seal is not enough.  Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing ..."  E.D. Local Rule 141(b).

The court starts "'with a strong presumption in favor of access to court records,'" Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is 'based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice.'"  Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir.1995)).

A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy.  Id. (citing Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)).  However, where the material is, at most, "tangentially

////

4

related to the merits of a case," the request to seal may be granted on a showing of "good cause." Id. at 1097 1101.

Plaintiff has not identified legal authority that supports sealing the entire record. However, review of the record shows that the minor child's personal information has been improperly disclosed by plaintiff. The lengthy complaint and accompanying documents contain the minor's full name and date of birth throughout, in violation of Local Rule 140. Local Rule 140(a) specifically requires the redaction of certain confidential information, including minors' names and dates of birth, in publically filed documents. E.D. Local Rule 140(a). It is not the job of the court to redact documents that parties have filed in violation of this requirement, see Local Rule 140(e), and doing so would be unduly burdensome here. Were leave to amend appropriate, the court would strike the documents filed in violation of Local Rule 140 and inform plaintiff of the redaction requirements to be followed on amendment. However, leave to amend is not being provided for the reasons explained above.

The court must balance the interests underlying the strong presumption of public access against the minor's privacy interests. Sealing of the entire docket, as plaintiff requests, is not justified by the need to protect the minor's identifying information. In order to balance the public right of access against the privacy interests of the minor, the Clerk will be directed to unseal the case as a whole and instead to retain under seal only the individual documents containing the minor's identifying information: ECF Nos. 1 through 6, inclusive. The docket itself shall be unsealed and all documents other than ECF Nos. 1-6, including all orders of the court, will be publically accessible. In light of the court's evaluation of plaintiff's allegations, rather than for the reasons proffered by plaintiff, the court finds that protection of the minor's privacy provides a compelling reason to seal these specific documents.

## V. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED;
2. Plaintiff's Motion to Seal (ECF No. 5), is DENIED, and the Clerk is directed to unseal the case as a whole;

5

3. On the court's own motion, the Clerk is directed to file under seal the following documents: ECF No. 1 (Complaint); ECF No. 2 (Motion to Proceed in Forma Pauperis); ECF No. 3 (Case Management Statement); ECF No. 4 (Notice by plaintiff); ECF No. 5 (Motion to Seal); and ECF No. 6 (Emergency Request).

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**Plaintiff is cautioned that any written objections must comply with Local Rule 140 and *must not include* the minor's full name (initials may be used), birthdate (year only may be used), or Social Security number.**

IT IS SO ORDERED.

DATED: October 25, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE